NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 26 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CIRIACO ALVAREZ, AKA Ciriaco
Alvarez Martinez, AKA Ciriaco Lavarez
Martinez,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    14-71947

Agency No. A094-325-890

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 19, 2019**

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Ciriaco Alvarez, a native and citizen of Honduras, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his applications for cancellation of removal and asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Alvarez does not raise, and therefore waives, any challenge to the agency's denial of cancellation of removal. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

The record does not compel the conclusion that Alvarez established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4); *see also Husyev v. Mukasey*, 528 F.3d 1172, 1181-82 (9th Cir. 2008) (waiting 364 days after end of lawful status to apply for asylum was unreasonable and recognizing that "reasonable period" for filing would not ordinarily exceed six months after end of lawful status). Thus, Alvarez's asylum claim fails.

Substantial evidence supports the agency's conclusion that the harm Alvarez suffered in Honduras did not rise to the level of past persecution. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1178 (9th Cir. 2004) ("[E]conomic disadvantage alone does not rise to the level of persecution."); *Nagoulko v. INS*, 333 F.3d 1012, 1016

(9th Cir. 2003) (holding that employment discrimination "is not the type of economic deprivation that rises to the level of persecution"). Substantial evidence also supports the agency's determination that Alvarez failed to establish a clear probability of future persecution. *See Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010) (holding that evidence did not compel a finding of a clear probability of future persecution to qualify for withholding of removal); *see also Halim v. Holder*, 590 F.3d 971, 978 (9th Cir. 2009) (holding denial of relief warranted "based on (1) the relative weakness of the claim of disfavored status, (2) the lack of evidence of government approval of the alleged discrimination, and (3) [petitioner's] minimal showing of individual risk"). Thus, Alvarez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Alvarez failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the Honduran government. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-35 (9th Cir. 2014) (concluding that petitioner did not establish the necessary state action for CAT relief).

Finally, we reject Alvarez's contention that the agency violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring

14-71947

error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**